NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ALEXANDER JOSSEPH RODRIGUEZ-NOGUERA; FRANCIS YAOSKA MONTOYA-VILLALTA; J. C. R.-M.; J. J. R.-M.,

        Petitioners,

  v.

TODD BLANCHE, Acting Attorney General,

        Respondent.

No. 25-1201

Agency Nos.
A220-776-000
A220-776-001
A220-776-002
A220-776-003

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, DE ALBA, Circuit Judges.

Alexander Josseph Rodriguez-Noguera, his wife Francis Yaoska Montoya-

Villalta, and their two minor children, natives and citizens of Nicaragua, petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (internal quotation marks omitted).

1. <u>Asylum and Withholding of Removal:</u> Substantial evidence supports the BIA's denial of Petitioners' applications for asylum and withholding of removal. The record does not compel the conclusion that Petitioners suffered past persecution. The threats Rodriguez-Noguera received were not accompanied by physical harm and ceased by the time he left Nicaragua. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (mere threats, standing alone, do not constitute persecution unless "the threats are so menacing as to cause significant actual suffering or harm." (internal quotation marks omitted)); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179–80 (9th Cir. 2021) (holding that the record did not compel finding of past persecution where the perpetrator did not

perform any acts of violence and never followed through on any of his threats); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (finding that unfulfilled threats constitute harassment rather than persecution). And Rodriguez-Noguera has not shown that the alleged economic harm threatened his life or freedom. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) ("mere economic disadvantage . . . does not rise to the level of persecution."). While Rodriguez-Noguera was rejected from some jobs to which he applied, he did not provide information regarding the number of applications he submitted nor the reasons for the rejections such that we would be compelled to find the rejections amounted to persecution. *Cf. Baballah v. Ashcroft*, 367 F.3d 1067, 1075–76 (9th Cir. 2004) (finding that economic harm amounted to persecution where multiple attempts to get a job were "thwarted," the military destroyed the petitioner's fishing nets and gave him citations to prevent him from maintaining a fishing business, and the military destroyed the petitioner's fishing boat, rendering him unable to support his family). Furthermore, the record shows that Rodriguez-Noguera did not work for four years in Nicaragua but was able to survive with the financial assistance of his extended family. This falls short of what we require to show persecution due to substantial economic deprivation. *See Zehatye*, 453 F.3d at 1186.

Substantial evidence also supports the BIA's determination that Petitioners' feared harm is not objectively reasonable. *See Sharma v. Garland*, 9 F.4th 1052,

1065 (9th Cir. 2021) (recognizing that where petitioners did not establish past persecution, they bore the burden of showing a well-founded fear or clear probability of future persecution). There is no credible, direct, or specific evidence in the record, of facts supporting an objectively reasonable fear of persecution on account of Rodriguez-Noguera's anti-government political opinion. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004). The record does not show that anyone, including any government official or Rodriguez-Noguera's former colleagues, is interested in or looking for him or labeled him as a traitor such that he should fear for his safety upon his return. *See Gu v. Gonzales*, 454 F.3d 1014, 1021–22 (9th Cir. 2006) (holding no well-founded fear of future persecution existed where the record was "devoid of any evidence" that the alleged persecutors had any continuing interest in the petitioner). At most, as the agency found, Petitioners present evidence of general violence, which is insufficient to establish persecution. *See Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021). Because Petitioners have failed to establish a well-founded fear or clear probability of persecution, their asylum and withholding claims fail. *See Gormley*, 364 F.3d at 1180 (holding that because Petitioners were "[u]nable to meet the lesser standard for eligibility for asylum, [they] are necessarily incapable of establishing eligibility for withholding"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

2. <u>CAT</u>: Substantial evidence supports the agency's denial of CAT

protection. Petitioners failed to establish that they more likely than not would be tortured by, or with the acquiescence of, public officials if removed to Nicaragua. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (stating requirements for CAT eligibility). Petitioners did not establish past torture or an individualized risk of torture. *See* 8 C.F.R. § 1208.16(c)(3). Although Rodriguez-Noguera complained of threats to him for not supporting the new government, these threats alone do not constitute torture. *See Sharma*, 9 F.4th at 1067 (holding that because the petitioner did not establish an objectively reasonable fear of persecution, he necessarily could not show an objectively reasonable fear of the more severe conduct of torture for the same reasons). The record evidence does not support Rodriguez-Noguera's belief that the government views him as a traitor or that the government has any interest in harming Petitioners. Petitioners' country conditions evidence also does not establish that Petitioners face a particularized risk of torture. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (stating that "[p]etitioners' generalized evidence . . . is not particular to [p]etitioners and is insufficient to meet" the CAT standard). Because substantial evidence supports the BIA's decision, we must uphold the BIA's CAT determination. *See Ruiz-Colmenares*, 25 F.4th at 751–52.

25-1201

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Petitioners' motion for a stay of removal (Dkt. No. 2) is **DENIED AS MOOT.**